Sullivan
No. 91-345

THE STATE OF NEW HAMPSHIRE

v.

ANDREW M. LAMONTAGNE & a.

December 31, 1992

576

*John P. Arnold*, attorney general (*Brian R. Graf*, assistant attorney general, on the brief and orally), for the State.

*Law Office of Robert I. Morgan, P.C.*, of Claremont (*Robert I. Morgan*, on the brief and orally), for the defendants Andrew M. Lamontagne and Richard Arcand.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant Francis Sherman.

THAYER, J.   This appeal by the State follows the Superior Court's (*Morrill*, J.) grant of the defendants' motion to suppress evidence of the defendants' telephone conversations with police officers, and the fruits thereof, where the officers answered telephones while executing search warrants at separate residences. The common legal issue before us is whether the police, in answering the telephones, violated RSA chapter 570-A, the wiretapping and eavesdropping statute. We hold that because the defendants consented to the communication with the officers, there was no statutory violation. Therefore, we reverse.

In the first case, State troopers were executing a search warrant for narcotics and related paraphernalia on May 8, 1990, at a home in Charlestown when the telephone rang. One of the troopers answered the telephone, and the caller, Andrew M. Lamontagne, asked, "Reu-

ben?" The trooper answered affirmatively and arranged for Lamontagne to come to the Charlestown home to purchase marijuana. After Lamontagne arrived and made the purchase, he was arrested.

Similarly, on October 4, 1990, Claremont police were executing a search warrant at a private home when defendant Frank Sherman called. An officer answered the telephone and Sherman asked for "George." The officer told Sherman that George was unavailable, but that the officer would take care of him. The officer gave Sherman directions to the house. After Sherman and defendant Richard Arcand arrived and purchased marijuana, they were arrested.

The search warrants referred to above did not authorize the seizure of telephone calls. The defendants were charged with violating RSA 318-B:2. Lamontagne was indicted for attempted sale of marijuana, and Sherman and Arcand were charged with possession. The defendants filed motions to suppress their conversations and the fruits thereof. After a consolidated suppression hearing, the defendants' motions were granted. The State's motion for reconsideration was denied, and the State appealed pursuant to RSA 606:10, II.

■ Both the State and the defendants raise several arguments on appeal. The State contends that there was no "intercept" as defined by RSA 570-A:1, III (1986 & Supp. 1992), while the defendants argue that the police "intercepted" their communications in violation of RSA chapter 570-A. We hold that when a caller consents to speak with one who answers a telephone, absent any unauthorized monitoring or recording, there is no violation of RSA chapter 570-A.

RSA 570-A:2 provides that the statute is violated if "without the consent of all the parties to the communication" a person intercepts a wire or oral communication. The statute defines "intercept" as the "aural or other acquisition of, or the recording of, the contents of any wire or oral communication through the use of any electronic, mechanical, or other device." RSA 570-A:1, III (1986 & Supp. 1992). The definition of "electronic, mechanical, or other device" is broad enough to include telephones under some circumstances, but also excludes certain telephone uses. *See* RSA 570-A:1, IV(a) (Supp. 1992). In situations where all the parties to the communication do not consent to an intercept, one party to the communication may intercept a wire or oral communication with the prior consent of either the attorney general, a deputy attorney general, or an assistant attorney general. *See* RSA 570-A:2, II(d) (Supp. 1992).

In this case, the defendants argue that the aural acquisition of the defendants' communications over the telephone lines constituted il-

legal intercepts because the officers did not obtain approval from the attorney general or his designee. The defendants, however, are mistaken in their position that the only way to validate an intercept is to obtain prior approval from the attorney general's office. The statute explicitly provides that there is no violation when all the parties to the communication have consented to the intercept. RSA 570-A:2, I.

■ There was no eavesdropping or wiretapping in this case, nor were the communications recorded. The officers heard the defendants speak because the officers were parties to the communications; there was direct communication between the defendants and the officers. There was no intercept prohibited by RSA chapter 570-A in this case because the defendants consented to the officers' aural acquisition of the wire communications. *See Commonwealth v. Gullett,* 329 A.2d 513, 519 (Pa. Sup. Ct. 1974) (statute requires consent of all parties to communication; defendant consented to speak to police thus legalizing otherwise prohibited intrusion). The defendants Lamontagne and Sherman each dialed a specific telephone number, heard the telephone on the other end of the line being picked up, wanted the person on the other end of the line to hear them when they spoke, and continued to speak with them. Thus, the defendants consented to the officers' "aural acquisition of any wire or oral communication." RSA 570-A:1, III.

■ The defendants argue that the officers should have identified themselves when they answered the telephones, and contend that the fact that one of the officers misrepresented his identity to Lamontagne violated RSA chapter 570-A. We disagree. This statute is not intended to prevent a telephone user from misrepresenting his or her identity. *See United States v. Pasha,* 332 F.2d 193, 198 (7th Cir. 1964) (no interception under federal act prohibiting interception of wire and oral communications where callers were misled and unaware they were not being heard by intended receivers), *cert. denied,* 379 U.S. 839 (1964); *United States v. Lewis,* 87 F. Supp. 970, 974 (D.D.C. 1950) (no interception under federal act when government agent substitutes oneself for the receiver), *rev'd on other grounds sub nom. Billeci v. United States,* 184 F.2d 394 (D.C. Cir. 1950); *State v. Carbone,* 38 N.J. 19, 28, 183 A.2d 1, 5–6 (1962) (no interception under state law where officer misrepresented identity to caller); *Commonwealth v. DiSilvio,* 232 Pa. Super. 386, 390–91, 335 A.2d 785, 787 (1975) (callers elected to talk to officers whether or not they were informed of the identity and occupation of the recipients).

■ In enacting RSA chapter 570-A, the legislature balanced the State's duty to protect the public and enforce the laws with the individual's right to privacy by carefully regulating the use of wiretapping and eavesdropping devices for law enforcement purposes. *State v. Lee*, 113 N.H. 313, 315–16, 307 A.2d 827, 828–29 (1973). In response to threatened invasions of privacy through the use of tape-recording equipment, the legislature amended the statute to prohibit "the recording of" any wire or oral communication. Laws 1988, 25:1; *see* RSA 570-A:1, III (Supp. 1992).

We note that our decision may well have been different if there had been any unauthorized eavesdropping, wiretapping, or recording of the communications between the defendants and the officers. *See* RSA 570-A:1, III (Supp. 1992) (intercept includes recording or other acquisition of contents of any wire or oral communication). Those activities, unlike the aural acquisition of communications by the recipient of the telephone call, are unknown to the caller unless the recipient of the telephone call informs the caller that the call is being monitored by a third person or recorded. *See Com. v. Brachbill*, 555 A.2d 82, 89 (Pa. Sup. Ct. 1989) (surreptitious eavesdropping on extension telephone is prohibited by state statute).

Our holding in this case rests on the specific factual record before us and on the nature of "aural acquisitions" that may be prohibited by the statute. The defendants, by speaking into their telephones, intended the persons receiving the calls to hear what was said and thereby consented to the "intercept" by those persons.

*Reversed and remanded.*

All concurred.